UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| REGGIE WHITE, *et al.*, | ) |
| Plaintiffs, | ) No. 4:92-cv-00906-DSD |
| v. | ) |
| NATIONAL FOOTBALL LEAGUE, *et al.*, | ) |
| Defendants. | ) |

**Memorandum of Law of the NFL and NFL Management Council
in Response to the St. Paul Pioneer Press and Star Tribune's
Motion to Intervene and Unseal all Documents Filed Under Seal**

As indicated in its response to Class Counsel and the NFLPA's Motion to Unseal and Lift the Protective Order in Part (Docket # 657), the NFL has already agreed to the public disclosure of redacted versions of the Union's brief in support of its Objection and the Special Master's Opinion. Indeed, we have lodged appropriately redacted versions of the Union's brief and the Opinion with the Court. (*See* Docket #659, Exs. G-H.) We will file a redacted version of our Response to the Union's Objection in short order.

Disclosure of redacted versions of the appeal briefs and the Special Master's Opinion would balance the interests advanced by the News Organizations with the legitimate interest of the NFL and third parties in preserving the confidentiality of commercially-sensitive, confidential

information including negotiating strategy, financial analyses, and the specific, confidential terms of commercial agreements. Disclosure of such material would cause significant harm to the NFL and/or the third parties.

The News Organization's Motion seeks instead to unseal on an expedited basis the entire record, containing over twelve thousand pages permeated with confidential and commercially-sensitive information. The Motion nowhere mentions the governing Eighth Circuit authority, *Webster Groves School District v. Pulitzer Publishing Co.*, 898 F.2d 1371 (8th Cir. 1371), which rejects most of the presumptions the News Organizations ask this Court to apply to their request.

This proceeding involves the Union's challenge to the NFL's negotiation of television and media contracts. The exhibits, depositions, pleadings, and trial transcripts discuss, *inter alia*, the NFL's internal negotiation strategy and assessment of media rights, the telecasters' negotiation strategies, the specific terms of the NFL's contracts with various business partners which are subject to contractual confidentiality obligations, and NFL financial information including loan agreements and revenue reporting. (*See* Rolapp Decl. ¶4 (Docket No. 658).) It would be highly burdensome for the NFL to redact this record. To the extent the Court determines that unsealing of additional papers is necessary, the NFL and third parties at a minimum should be given reasonable time period in which to make redactions.

## PROCEDURAL BACKGROUND

The Union initiated this proceeding in June 2010 and demanded expedited treatment. During discovery, the Special Master issued protective orders covering the production of confidential information by the NFL and by third-party telecasters: DIRECTV, CBS, FOX, NBC, ESPN, and Comcast. (*See* Barrett Decl. Ex. 1, ¶1; Block Decl. ¶2 & Exs. A-F.)[1]

The NFL produced over 80,000 pages of documents to the Union, almost all of which cover commercially-sensitive, confidential information. The expedited discovery process was followed by an equally expedited pretrial and trial schedule, including a five-day evidentiary hearing and the filing of fact witness and expert direct testimony, exhibits, motions to strike and oppositions, and pre- and post-trial briefs, all in a one-month period.

The News Organizations assert that the NFL "ha[s] not made any effort to do the reasonable thing pursuant to the Protective Order." (Mem. 14.) But given the expedited nature of the proceedings, it would have been

---

[1] Despite the News Organization's claim that "[n]either this Court nor any U.S. Magistrate Judge has approved any protective order in the present proceeding," pursuant to the SSA, the Special Master has authority to enter precisely the type of protective orders that he entered in this case. Art. XXII, Sec. 2 ("The powers of the Court and the Special Master and the rights of the parties in any enforcement proceeding shall be as set forth in Rules 53(a), (c), (d) and (e) of the Federal Rules of Civil Procedure . . . ."); Fed. R. Civ. P. Rule 53(c) (permitting a master to "regulate all proceedings" and "take all appropriate measures to perform the assigned duties fairly and efficiently").

patentably unreasonable to require the NFL (or the third parties) to be preparing redacted versions of all of the produced documents and testimony while simultaneously litigating this fast-moving proceeding, particularly as the Union had already agreed and the Special Master had already ordered that "any documents containing confidential material [shall] be filed under seal." (Barrett Decl. Ex. 1, ¶5.)[2]

It is also unreasonable to expect the NFL to have done line-by-line redactions on the "appeal record," which itself consists of over twelve thousand pages, in the less than twenty-one days between the Special Master's issuance of his Opinion to the hearing in this Court on the Union's objection. Instead, the NFL has been focused on meeting the expedited briefing schedule established by the Court for this matter.

## ARGUMENT

The News Organizations rely primarily on authority that is not the law in the Eighth Circuit. Their request for the expedited unsealing of all documents filed under seal is overbroad given the circumstances here. Instead, the Court should order the public filing of redacted versions of the

---

[2] The News Organizations assert that the Special Master made no finding that material was properly designated confidential, but, in fact, the Special Master ordered the hearing before him closed because of the confidential nature of the documents and testimony, designated his Opinion confidential, and ordered that his Opinion be filed under seal.

4

Union's brief, the NFL's response, and the Special Master's Opinion. Those documents would appropriately balance the interests of the public with the NFL's and third parties' legitimate interest in preserving confidentiality.

I.  *There is no First Amendment Right of Access to the Record, nor is there a "Strong Presumption" of Common Law Access in the Eighth Circuit.*

Despite the News Organizations' claim that the First Amendment grants the press and public access to civil judicial proceedings, the Eighth Circuit has never recognized a "First Amendment right of access applicable to civil proceedings." *Webster Groves*, 898 F.2d at 1374-75; *see id.* (noting that "[a]ny First Amendment right of access that might apply would be qualified, not absolute"). Nor has the Supreme Court. *See id.* at 1376.

The Eighth Circuit has also expressly declined to adopt a "strong presumption" favoring access, instead relying on trial courts to weigh competing interests. *See id.* at 1376. And the Eighth Circuit has rejected any argument that the press has a greater right of access to the courts than does the public. *See id.* at 1374 n.3. Accordingly, most of the cases relied upon by the News Organizations, particularly those addressing the "compelling reasons" approach (Mem. 9-11), are not controlling authority. *Compare Webster Groves*, 898 F.2d at 1376, *with, e,g., Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

II. *The Appropriate Course Would Be for the Disclosure of Redacted Version of the Special Master's Opinion and the Parties' Briefs.*

The common law right of access to judicial records "'is not absolute, but requires a weighing of competing interests.'" *Cardiac Pacemakers, Inc. v. Aspen II Holding Co., Inc.*, 2006 WL 3043180, at *4 (D. Minn. 2006) (quoting *Webster Groves*, 898 F.2d at 1376) (preserving redactions in summary judgment filings over "confidential and proprietary" documents, testimony and documents regarding "negotiation strategy," information that would cause "commercial harm if disseminated," "commercially sensitive market research," and "contract [information subject to] "confidentiality clause[s]").

The NFL agrees that redacted versions of the Special Master's Opinion, the Union's objection to the Special Master's Opinion, and the NFL's opposition may be made publicly available. Indeed, the NFL has lodged redacted versions of the prior two documents and will file a redacted version of its brief expeditiously. The disclosure of these documents would appropriately balance the common law right of access, taking into consideration the public's interest in this case (Mem. 4, 8) with the legitimate interest of the NFL and third parties in keeping confidential the commercially sensitive business information at issue in this proceeding. (*See Rolapp Decl.* ¶¶4-5.)

At a minimum, if the Court believes that broader disclosure is appropriate, the Court should grant the NFL and the third parties a reasonable period of time in which to redact the over twelve thousand pages of documents submitted during proceedings before the Special Master to ensure that confidential commercial and business information will not be disclosed publicly. To the extent the Court deems it necessary, the Court could then conduct a "limited *in camera* review of" the redactions. *Cardiac Pacemakers*, 2006 WL 3043180, at *3, *5-8 (citing *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 662-63 (8th Cir. 1983)).

## CONCLUSION

The Court should unseal the redacted versions of the Union's Memorandum and the Special Master's Opinion attached to the Declaration of Benjamin C. Block filed on February 22, 2011, and should deny the News Organizations' request to unseal any additional materials.

Respectfully submitted,

s/Daniel J. Connolly

| | |
|---|---|
| Daniel J. Connolly, #197427 | Gregg H. Levy (*pro hac vice*) |
| Aaron D. Van Oort, #315539 | Paul W. Schmidt (*pro hac vice*) |
| FAEGRE & BENSON LLP | Benjamin C. Block (*pro hac vice*) |
| 2200 Wells Fargo Center | COVINGTON & BURLING LLP |
| 90 South Seventh Street | 1201 Pennsylvania Ave., N.W. |
| Minneapolis, MN 55402-3901 | Washington, D.C. 20004-2401 |
| (612) 766-7806; (612) 766-1600 (fax) | (202) 662-6000; (202) 662-6291 (fax) |

*Counsel for the NFL and NFL Management Council*

February 23, 2011