UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reggie White, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>National Football League, et al.,<br><br>        Defendants. | File No.  4:92-CV-00906 (DSD/SPMS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNSEAL RECORD** |

## INTRODUCTION

On March 1, 2011, the Court both adopted and overruled in part Special Master Stephen B. Burbank's February 1, 2011 recommendation.  The Order makes repeated reference to portions of the record that the NFL designated as "confidential" in the proceedings below.  *See generally* Mar. 1, 2011 Order.  The Players (the vast majority of whom have been denied access to the proceedings before the special master), as well as the public at large are vitally interested in the information that the Court relied upon in concluding that the NFL defendants have contravened their obligations to the Players.

The NFL has failed on several occasions to meet the burden of justifying the continued cover up of the trial transcript and exhibits cited in the March 1 Order.  *See* Table *infra*.  The Players now request that the proceedings be finally opened up.  The light should not just shine on the evidence that found its way into the March 1 Order.  Instead, the entire record, except for third-party proprietary materials, should be unsealed.

3676154v11

The March 1 Order calls for a hearing regarding the appropriate remedy to redress the NFL's SSA violations. That hearing and the inevitable further proceedings will require extensive reference to and use of the record. The continued sealing of the proceedings below would again pose practical problems for the presentation of evidence in open court. By unsealing the record, save third-party proprietary materials, the Court would minimize the logistical problems that counsel would face in the hearings to come and at the same time make the proceedings understandable for the parties and the public. The Players should no longer be forced to have the fate of their careers decided in the dark.

## RELEVANT BACKGROUND

Pursuant to a July 14, 2010 Protective Order, the NFL designated all documents, all depositions, and all trial testimony as confidential. The NFL made these designations without regard to the materials' actual trade secret status or confidential nature. As a result, all but a few Players, the media, and the fans have been denied access to the facts underlying this dispute.

The Court sustained the Players' Objections to the Special Master's recommendation. That March 1 Order was docketed and is publicly available. Clerk Doc. No. 676. The Court relied on the following record references, either by citation or direct quote, in rendering and explaining the decision:

|   | RECORD ITEM | 3/1/2011 ORDER PAGE |
|---|---|---|
|   | **JOINT TRIAL EXHIBITS** | |
| 1 | Ex. 77 | 4 |
| 2 | Ex. 98 | 19 |

3676154v11

| | | |
|---|---|---|
| 3 | Ex. 102 | 19 |
| 4 | Ex. 110 | 19 |
| 5 | Ex. 131 | 19 |
| 6 | Ex. 142 | 26 |
| 7 | Ex. 160 | 23 |
| 8 | Ex. 163 | 8, 23, 26 |
| 9 | Ex. 167 | 24 |
| 10 | Ex. 170 | 23 |
| 11 | Ex. 201 | 26 |
| 12 | Ex. 216 | 19 |
| 13 | Ex. 221 | 4 |
| 14 | Ex. 228 | 5, 19, 26 |
| **TRIAL TRANSCRIPT** | | |
| 15 | Trial Transcript (redacted) | 4, 6-7, 9-11, 20, 23, 25 |
| **DIRECT TESTIMONY DECLARATIONS** | | |
| 16 | Roger Goodell | 4-11, 25 |
| 17 | Brian Rolapp | 6, 8, 10-12 |
| 18 | Joseph Siclare | 5, 11 |
| **DEPOSITION TRANSCRIPTS (EXCERPTS)** | | |
| 19 | Steven Bornstein (168-69) | 20 |

The information referenced in the March 1 Order should no longer be kept under wraps. With the exception of protected third-party information (the confidentiality of which is governed by other protective orders), the remaining record should be unsealed in its entirety.

In response to inquiries from the newspaper interveners, on Friday March 4, the NFL offered to unseal some of the documents and testimony cited in the March 1 Order. *See* Declaration of David Barrett in Support of Motion to Unseal Record and exhibits 1 and 2 (newspapers' letter to the NFL and NFL's response). That disclosure, however, would be subject to unilateral NFL redaction and be less than complete. And so far no such redactions have been produced.

3676154v11

As the Court instructed at the February 24 hearing, the Players have attempted to meet and confer with the NFL in order to address whether the balance of the record should remain under seal and "to propose narrow, limited redactions of only those portions containing confidential information." 2/24/11 Tr. at 25:12-22. The Players' March 1 email regarding that undertaking has yet to receive a response. *See* Barrett Decl. and exhibit 3 (Players' unanswered email).

The time has come to bring the whole truth about the NFL's breach of "good faith" and "best efforts" duties owed to the Players into the light of day.

## ARGUMENT

### I. <u>LEGAL STANDARD</u>

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) establishes the requisite standard for evaluating litigant confidentiality desires and designations:

> Rule 26 of the Federal Rules of Civil Procedure anticipates that, in certain cases, discovery of trade secrets or other confidential information may be sealed. That Rule provides, in part, that a court "may make any protective order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." Whether trade secrets are involved or not, and whether their revelation will cause damage to someone, are questions of fact, to be decided by the court after receiving evidence. Courts should not simply take representations of counsel on faith, but should instead conduct a limited *in camera* review of documents alleged to contain trade secrets and other proprietary information.

*Id.* (internal citations omitted). With "supervisory power over its own records," this Court is vested with discretion to decide whether materials submitted by the parties should be sealed. *Id.*[1]

## II. <u>JUDICIAL RECORDS MUST BE UNSEALED</u>

The "common-law right of access to judicial records" is well established. *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir. 1989); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 636. Although this right is not absolute, when documents and testimony have been used in motion practice or referenced in a Court order, the party seeking to maintain secrecy has "a heightened burden to overcome the presumptive right of the public access." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 636.

The value of trade secrets and confidential information depends upon the preservation of privacy. *Id.* at 637; *see also In re Iowa Freedom of Info. Council*, 724 F.2d 658, 663 (8th Cir. 1983). The indiscriminant disclosure of confidential records would destroy the intrinsic worth of such materials. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 637 (quoting *In re Iowa Freedom of Info. Council*, 724 F.2d at 663).

---

[1] Rule 26, in the first instance, requires a party seeking a protective order to establish that the material in question constitutes trade secrets or confidential information. Fed. R. Civ. P. 26; *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 636; *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, No. 04-4048, 2006 WL 3079410 (D. Minn. Oct. 24, 2006) (blanket confidentiality designations must withstand good cause inquiry). As discussed below, the NFL has not made (and with respect to much of the information at issue, has made no attempt to make) the requisite showing.

3676154v11

Despite those concerns, Judge Frank ordered the unsealing of supposedly confidential documents. *Id*. Some of the materials had been used in open court, so whatever confidentiality or trade secrecy could have existed no longer prevailed. *Id*. The information that was opened to the public included exhibits and deposition excerpts that had been referenced in the summary judgment pleadings and at the oral argument. *Id*.

The result should be the same in this case. In vindicating the Players' objections to the Special Master's recommendation, the Court cited and quoted exhibits and transcripts that the NFL wants to keep hidden. *See* Table *supra*. As a result, any entitlement to confidentiality that those record items might have once enjoyed has been abrogated. As the St. Paul Pioneer Press and the Star Tribune's motion demonstrated, this litigation is enormously important to the public, as well as all Players. Clerk Doc. No. 654 at 8. To understand the Court's reasoning and the ultimate result, the evidence that gave rise to the decision must be available for scrutiny. Accordingly, the underlying record should no longer be kept from the public.

The importance of public access is not limited to the evidence cited in the Court's Order: disclosure should extend to the full trial record – except for protected third-party material. Such openness is necessary to provide a context not only for the evidence that has been unsealed, but for the full judicial process that engendered the March 1 Order and that will be the basis for rulings to come.

Finally, the NFL cannot be permitted to comment publicly about these proceedings and then turn around to embrace a cloak of confidentiality that thwarts the public's right to know. The NFL bears the burden of showing the need to keep the

3676154v11

underlying record sealed. Despite the opportunity, no such showing has been made. Unless the NFL can demonstrate that specific testimony or discrete exhibits are in need of protection the record should be unsealed. All doubts should be resolved in favor of the well-established principle of open judicial proceedings.

In sum, the trial record should be unsealed. *See, e.g.*, *Webster*, 898 F.2d at 1376; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 636. As Judge Easterbrook aptly noted, "Holding trade secrets in confidence is one thing, holding entire judicial proceedings in confidence is quite another." *PepsiCo., Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995). "[J]udicial proceedings held, and evidence taken, on the way to a final decision also are presumptively in the public domain." *Id. (citing In re Continental Securities Litig.*, 732 F.2d 1302 (7th Cir. 1984)).

Since an understanding of the Order depends upon the now sealed evidence, the presumptive right to access should be given effect.[2] *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. at 636; *see also* Clerk Doc. No. 654 at 8-9 (citing cases). The NFL has not come close to meeting the burden of showing otherwise. Having failed to demonstrate the requisite need for confidentiality, the NFL has no legitimate basis for continuing to insist upon the secrecy of the record.

---

[2] The Players' motion is narrowly tailored. Third-party proprietary information would be protected from disclosure through redaction.

3676154v11

## CONCLUSION

The public enjoys a presumptive right of access to judicial records, like the evidence that led to the March 1 Order. In addition, the Players are vitally interested in these proceedings and are entitled to know why the Court ruled in their favor. These rights encompass the full trial transcript and all record references in the March 1 Order. *See* Table *supra*.

After being vetted in open court (with a public transcript) and referenced in a public Order, these materials can no longer be subject to confidential or trade secret designations. Any justification for keeping those portions of the record under seal has been obviated. Finally, the remainder of the record, with the exception of third-party proprietary information, should emerge from behind the veil the NFL has drawn over these proceedings.

Dated:  March 9, 2011 **BRIGGS AND MORGAN, P.A.**


By*: s/Timothy R. Thornton*
    Timothy R. Thornton (109630)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400


**LATHAM & WATKINS**
Thomas Heiden
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
(312) 876- 6564


**DEWEY & LEBOEUF**
Jeffrey L. Kessler
1301 Avenue of the Americas
New York, NY  10019
(212) 259-8050