UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 4-92-906(DSD)

Reggie White, Michael
Buck, Hardy Nickerson,
Vann McElroy and Dave
Duerson,

       Plaintiffs,

v.                                                       **ORDER**

National Football League;
The Five Smiths, Inc.;
Buffalo Bills, Inc.;
Chicago Bears Football Club,
Inc.; Cincinnati Bengals, Inc.;
Cleveland Browns, Inc.; The
Dallas Cowboys Football Club,
Ltd.; PDB Sports, Ltd.; The
Detroit Lions, Inc.; The Green
Bay Packers, Inc.; Houston Oilers,
Inc.; Indianapolis Colts, Inc.;
Kansas City Chiefs Football Club,
Inc.; The Los Angeles Raiders, Ltd.;
Los Angeles Rams Football Company,
Inc.; Miami Dolphins, Ltd.;
Minnesota Vikings Football Club,
Inc.; KMS Patriots Limited Partnership;
The New Orleans Saints Limited Partnership;
New York Football Giants, Inc.; New York
Jets Football Club, Inc.; The Philadelphia
Eagles Football Club, Inc.; B & B Holdings,
Inc.; Pittsburgh Steelers Sports, Inc.;
The Chargers Football Company; The San
Francisco Forty-Niners, Ltd.; The
Seattle Seahawks, Inc.; Tampa Bay Area
NFL Football Club, Inc.; and Pro-Football,
Inc.,

       Defendants.

This matter is before the court upon the motion to strike by Class Counsel and the National Football League Players' Association (collectively, NFLPA). Based on a review of the file, record and

proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this action is set out in prior orders, and the court recites only those facts necessary for the disposition of the instant motion. On May 23, 2012, the NFLPA filed a petition to reopen and enforce the Stipulation and Settlement Agreement (SSA),[1] claiming, among other things, collusion based on an alleged secret $123 million salary cap during the 2010 League Year. While that motion was pending, on August 3, 2012, the NFLPA filed a motion under Rule 60(b). The NFLPA explained that the "prophylactic" measure was filed "to "preserve the White Class's Rule 60(b) claims – which are, in part, subject to the one-year filing limit – in the event that" the court denies the petition to reopen. ECF No. 716, at 1. In response, the court issued a briefing schedule on the Rule 60(b) motion, which became operative only if the petition to reopen was denied. See ECF No. 719, ¶ 4. Either party, however, reserved the right to request that the briefing schedule be modified "for good cause shown." ECF No. 714, ¶ 7.

On December 31, 2012, the court denied the petition to reopen. See ECF No. 740. Thereafter, the NFLPA filed a motion to modify

---

[1] The NFLPA filed a motion to reopen on July 26, 2012. See ECF No. 711.

2

the briefing schedule and engage in limited discovery.  In response, the NFL filed an opposition memorandum, which the NFLPA moves to strike.  The NFL filed a memorandum in opposition to the motion to strike, and the court now considers the motion.

**DISCUSSION**

A district court enjoys broad discretion in enforcing its rules, but "striking a party's pleadings is an extreme measure, and ... [m]otions to strike ... are viewed with disfavor and are infrequently granted ." Stanbury Law Firm, P.A. v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (citations and internal quotation marks omitted) (alteration in original).  Moreover, at least one court in this district explains "that there is no such thing as a 'motion to strike' - at least when the paper being targeted is a memorandum." Carlson Mktg. Grp., Inc. v. Royal Indem. Co., No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006).

In the present matter, the NFLPA argues that the court should strike the NFL's memorandum in opposition to the NFLPA's motion to modify the briefing schedule.  Specifically, the NFLPA argues that the NFL's memorandum is procedurally deficient, as it focuses on the merits of the NFLPA's Rule 60 motion rather than the request to modify the briefing schedule.  The court disagrees, and instead construes the NFL's opposition memorandum as arguing that a modification to the briefing schedule is futile, because the court

is without authority to reopen this matter under Rule 60(b). See Scher v. Ashcroft, No. 91-2661, 1992 WL 83547, at *1 (8th Cir. Apr. 29, 1992) (unpublished per curiam) ("A voluntary dismissal by stipulation under Rule 41(a)(1)(ii), however, is effected without order of court; therefore, there is no final order or judgment from which a party may seek relief under Rule 60(b)." (citation omitted)). As a result, even if the court had the authority to strike the memorandum, the NFLPA's argument is unpersuasive. Therefore, the court denies the motion to strike. However, because the NFL raised new arguments in its memorandum in opposition to the motion to modify the briefing schedule, the NFLPA shall have until February 6, 2013, to file a reply memorandum.[2]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the plaintiffs' motion to strike [ECF No. 749] is denied.

Dated: January 30, 2013

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court

---

[2] The reply memorandum shall comply with the District of Minnesota Local Rules.