```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 4-92-906(DSD)
```

Reggie White, Michael
Buck, Hardy Nickerson,
Vann McElroy and Dave
Duerson,

        Plaintiffs,

v.                                                **ORDER**

National Football League;
The Five Smiths, Inc.;
Buffalo Bills, Inc.;
Chicago Bears Football Club,
Inc.; Cincinnati Bengals, Inc.;
Cleveland Browns, Inc.; The
Dallas Cowboys Football Club,
Ltd.; PDB Sports, Ltd.; The
Detroit Lions, Inc.; The Green
Bay Packers, Inc.; Houston Oilers,
Inc.; Indianapolis Colts, Inc.;
Kansas City Chiefs Football Club,
Inc.; The Los Angeles Raiders, Ltd.;
Los Angeles Rams Football Company,
Inc.; Miami Dolphins, Ltd.;
Minnesota Vikings Football Club,
Inc.; KMS Patriots Limited Partnership;
The New Orleans Saints Limited Partnership;
New York Football Giants, Inc.; New York
Jets Football Club, Inc.; The Philadelphia
Eagles Football Club, Inc.; B & B Holdings,
Inc.; Pittsburgh Steelers Sports, Inc.;
The Chargers Football Company; The San
Francisco Forty-Niners, Ltd.; The
Seattle Seahawks, Inc.; Tampa Bay Area
NFL Football Club, Inc.; and Pro-Football,
Inc.,

        Defendants.

This matter is before the court upon a motion to modify the briefing schedule and engage in limited discovery and a motion for Rule 60(b) relief by Class Counsel and the National Football League

Players' Association (collectively, NFLPA).  Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.

**BACKGROUND**

The background of this action is fully set out in prior orders, and the court recites only those facts necessary for disposition of the instant motion.  On May 23, 2012, the NFLPA filed a petition to reopen and enforce the Stipulation and Settlement Agreement (SSA),[1] claiming, among other things, collusion based on an alleged secret $123 million salary cap during the 2010 league year.  On August 3, 2012, while that motion was pending, the NFLPA filed a motion under Rule 60(b).  The NFLPA explained that the "prophylactic" measure was filed to "preserve the White Class's Rule 60(b) claims - which are, in part, subject to a one-year filing limit - in the event that" the court denied the petition to reopen.  ECF No. 716, at 1.  In response, the court issued a briefing schedule on the Rule 60(b) motion, which became applicable only if the petition to reopen was denied.  See ECF No. 719, ¶ 4.  Each party, however, reserved the right to request that the briefing schedule be modified "for good cause shown."  ECF No. 714, ¶ 7.

---

[1] The NFLPA filed a motion to reopen on July 26, 2012.  See ECF No. 711.

On December 31, 2012, the court denied the petition to reopen.[2] See ECF No. 740. Thereafter, the NFLPA moved to modify the briefing schedule and engage in limited discovery in relation to the Rule 60(b) motion. In response, the court issued a briefing schedule for that motion.[3] See ECF No. 747. The NFL's opposition memorandum argued that "good cause" to modify the briefing schedule was absent because Rule 60(b) could not be used to set aside a Rule 41(a)(1)(a)(ii) stipulation of dismissal. See ECF No. 748. On January 23, 2013, the NFLPA moved to strike the memorandum in opposition, arguing that the NFL's memorandum was procedurally deficient, as it focused on the merits of the NFLPA's Rule 60 motion rather than the motion to modify the briefing schedule and engage in limited discovery. The court disagreed, and denied the NFLPA's motion to strike. See ECF No. 755. Having determined, however, that the NFL raised new arguments - principally that Rule 60(b) may not be used to reopen a Rule 41(a)(1)(A)(ii) stipulation of dismissal - in their memorandum in opposition, the court

---

[2] On January 30, 2013, the NFLPA appealed this decision. See ECF No. 754. Normally, a notice of appeal divests the district court of jurisdiction. See Liddell v. Bd. of Educ. of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996). A district court may, however, "consider a Rule 60(b) motion on the merits ... even if an appeal is already pending [at the Eighth Circuit]." Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (citations omitted).

[3] The January 15, 2013, order stated that the court would schedule oral argument if "necessary to dispose of the instant motion." ECF No. 747, ¶ 4. The court determines that oral argument is unnecessary. See Fed. R. Civ. P. 78(b).

permitted the NFLPA to file a reply memorandum. The NFLPA responded, and the court now considers the motion.

**DISCUSSION**

**I. Modify the Briefing Schedule and Engage in Limited Discovery**

"When a party moves for leave to amend outside the district court's scheduling order,[4] [Federal Rule of Civil Procedure] 16(b), not the more liberal standard of [Federal Rule of Civil Procedure 15(a)], governs and requires the party to show good cause to modify the schedule." Morrison Enters., LLC v. Dravco Corp., 638 F.3d 594, 610 (8th Cir. 2011) (citation and internal quotation marks omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (citations and internal quotations omitted).

---

[4] Although a formal Rule 16(b) scheduling order was not issued, the parties stipulated to, and the court approved, a briefing schedule that was subject to modification "for good cause shown." ECF No. 714, ¶ 7. As a result, the more stringent "good cause" standard of Rule 16(b) applies. Under the Rule 15(a) standard, a court should deny "leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (citation and internal quotation marks omitted). Even if the court applied the Rule 15(a) standard, the NFLPA's request would fail, as amendment would be futile.

The NFL argues that the NFLPA cannot show good cause, as any modified briefing schedule or discovery order would be futile. Specifically, the NFL argues that "[a] voluntary dismissal by stipulation under Rule 41(a)(1)(ii) ... is effected without [an] order of [the] court; therefore, there is no final order or judgment from which a party may seek relief under Rule 60(b)." Scher v. Ashcroft, 960 F.2d 1053, 1992 WL 83547, at *1 (8th Cir. Apr. 29, 1992) (unpublished per curium) (citation omitted); see also Ajiwoju v. Cottrell, 245 F. App'x 563, 565 (8th Cir. 2007) (unpublished per curium) (denying Rule 60(b) motion to reopen and noting that "stipulation of dismissal was self-effectuating, and it expressly provided for dismissal with prejudice." (citation omitted)). In response, the NFLPA claims that the NFL's argument mischaracterizes the weight of authority from other jurisdictions and that the court may reopen under the Rule 60(b) principle "that justice should be done." Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005) (citation omitted). As a result, the court must determine whether the jurisdictional principles of Rule 41 or the equitable precepts of Rule 60(b) control when one litigant requests to reopen an action jointly dismissed pursuant to Rule 41(a)(1)(A)(ii).

As a threshold matter, the court notes that this is an unsettled question in the Eighth Circuit. In support of its position, the NFL cites to Scher and Ajiwoju, two unpublished Eighth Circuit decisions. See 8th Cir. R. 32.1A; see also Young-Losee v. Graphic Pakckaging Int'l, Inc., 631 F.3d 909, 913 n.1 (8th Cir. 2011) ("The unpublished ... case is not precedent." (citation omitted)). The NFLPA, meanwhile, cites precedent only from other jurisdictions. As a result, the court begins with a comparison of both federal rules.

Rule 41(a) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Unless the parties otherwise stipulate, the dismissal is without prejudice. Id. Moreover, "the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1189 (8th Cir. 1984) (citations omitted). A stipulation of dismissal signed by both parties "does not by its terms empower a district court to attach conditions to the ... stipulation of dismissal." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994). In other words, Rule 41(a) is self-effectuating, and, upon execution, divests the court of jurisdiction.

Rule 60, on the other hand, provides, in the relevant part, that

> the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b) is ... grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice." Harley, 413 F.3d at 870 (citation and internal quotation marks omitted). In sum, "[t]he rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Id. (citation and internal quotation marks omitted).

The court concludes that declining to reopen the matter achieves the appropriate balance between bringing litigation to a close and satisfying the equitable principles of Rule 60(b). Although the NFLPA cites numerous cases in support of its position, the court is unpersuaded by the reasoning of these decisions.

Principally, the decisions cited by the NFLPA acknowledge that a Rule 41(a)(1)(A)(ii) dismissal is self-executing and divests the court of jurisdiction, but fail to explain why Rule 60(b) is an exception to this jurisdictional principle. See, e.g., Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (stating that a Rule 41(a)(1)(A)(ii) dismissal "terminates federal jurisdiction," but nonetheless concluding that Rule 60(b) creates a limited exception to this rule (quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985))); Hinsdale v. Farmer Nat'l Bank & Trust, Co., 823 F.2d 993, 995 (6th Cir. 1987) ("[U]nconditional dismissal with prejudice [under Rule 41(a)(1)(ii)] terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b).'" (quoting McCall-Bey, 777 F.2d at 1190)).

Smith, Hinsdale and the other decisions relied upon by the NFLPA[5] principally rely upon McCall-Bey. This Seventh Circuit

---

[5] See, e.g., Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (citing McCall-Bey and finding that voluntary dismissal under Rule 41(a)(1)(A)(i) does not deprive court of jurisdiction to hear Rule 60(b) motion); In re Hunter, 66 F.3d 1002, 1004 (9th Cir. 1995) (stating in dicta that "a voluntary dismissal .... is a judgment, order, or proceeding from which Rule 60(b) relief can be granted"); Federated Towing & Recovery, LLC v. Praetorian Ins. Co., 283 F.R.D. 644, 655 (D.N.M. 2012) (citing numerous cases discussing Rule 41(a) dismissal, but relying primarily on Hinsdale to conclude that dismissal under Rule 41(a)(1)(A)(i) does not deprive court of jurisdiction to hear Rule 60(b) motion). In Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987), the D.C. Circuit concluded, however, that a voluntary dismissal by the plaintiff is a "final judgment" and can be reopened under Rule 60(b). Id. The (continued...)

opinion, however, did not address whether Rule 60(b) can be used to reopen an action dismissed pursuant to Rule 41(a)(1)(A)(ii), and instead addressed whether a court has "jurisdiction to adjudicate a dispute arising under the settlement agreement." McCall-Bey, 777 F.2d at 1181. In other words, the Seventh Circuit did not specifically address the interplay between Rules 41 and 60, and the court construes this statement in McCall-Bey to be dicta. As a result, the court finds McCall-Bey and its progeny to be of limited persuasive authority.

The Eighth Circuit, albeit in two unpublished opinions, explains that Rule 60(b) is inapplicable in the context of a Rule 41(a)(1)(A)(ii) dismissal. The rationale for this approach is that "[u]nder Rule 60(b), a court may grant relief from a final order or judgment," but dismissal pursuant to Rule 41(a)(1)(A)(ii) "is effected without [an] order of [the] court" and thus "there is no final order or judgment from which a party may seek relief under Rule 60(b)." Scher, 1992 WL 83547, at *1. (citation omitted); see Ajiwoju, 245 F. App'x at 565 (same). Jurisdictional principles counsel in favor of this approach, as the "entry of ... a stipulation of dismissal is effective automatically and does not

---

[5](...continued)
court determines, however, that in the Eighth Circuit a voluntary dismissal is not a "final judgment" for purposes of Rule 60(b). See Scher, 1992 WL 83547, at *1 (explaining that "there is no final order or judgment" in a Rule 41(a)(1)(A)(ii) dismissal). As a result, the court finds Randall unpersuasive.

9

require judicial approval." <u>Gardiner</u>, 747 F.2d at 1189 (citations omitted); <u>accord</u> <u>State Treasurer of Mich. v. Barry</u>, 168 F.3d 8, 19 n.9 (11th Cir. 1999) (stating in dicta that Rule 41(a)(1)(ii) is "[a] stumbling block ... in cases such as this one where the parties stipulated to ... voluntary dismissal"). In other words, there is no final judgment or order in a Rule 41(a)(1)(A)(ii) dismissal for the court to overturn. As a result, if a matter is dismissed pursuant to Rule 41(a)(1)(A)(ii), then Rule 60(b) relief is inapplicable unless the stipulation of dismissal is conditioned upon the possibility of such future relief.[6] Therefore, the court finds that the motion to modify the briefing schedule and engage in limited discovery is futile, and the court denies the motion.

## II.  Rule 60(b) Relief

The parties have not submitted memoranda of law regarding the motion to reopen under Rule 60(b). Given the court's conclusion

---

[6] The court believes that Rule 60(b) relief may be granted if the stipulation of dismissal contemplates such relief. <u>See</u> <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1280 (11th Cir. 2012) ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under <u>Kokkonen</u> prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."). Moreover, <u>McCall-Bey</u> states that "[i]f the parties want the district judge to retain jurisdiction they had better persuade him to do so." 777 F.2d at 1187 (citing <u>Gardiner</u>, 747 F.2d at 1189). As a result, the court's finding does not – contrary to the NFLPA's argument – eviscerate the applicability of Rule 60(b).

relating to the NFLPA's motion to amend the briefing schedule and engage in limited discovery, the court determines, however, that additional briefing is unnecessary.  Therefore, for the reasons already stated, the NFLPA's motion to reopen under Rule 60(b) is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' motion to modify the briefing schedule and engage in limited discovery [ECF No. 741] is denied; and

2.   Plaintiffs' motion for Rule 60(b) relief [ECF No. 716] is denied.

Dated:   February 22, 2013

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court