UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

REGGIE WHITE, <u>et al.</u>,

      Plaintiffs,

v.                        **MEMORANDUM OF LAW & ORDER**
                            Civil File No. 92-906 (MJD)

NATIONAL FOOTBALL LEAGUE, <u>et al.</u>,

      Defendants.

---

DeMaurice F. Smith, Thomas DePaso and Heather M. McPhee, National Football League Players Association; David A. Barrett, James R. Barrett, Daniel S. Schecter, Thomas J. Heiden and Michael J. Nelson, Latham & Watkins LLP; Jeffrey L. Kessler, David G. Feher and David L. Greenspan, Winston & Strawn LLP; James W. Quinn, Weil, Gotshal & Manges LLP; Barbara P. Berens, Justi Rae Miller and Carrie L. Zochert, Berens & Miller, P.A.; and Mark A. Jacobson and Kelly G. Laudon, Lindquist & Vennum, LLP; Counsel for Plaintiffs.

Daniel J. Connolly and Aaron D. VanOort, Faegre Baker Daniels LLP; and Gregg H. Levy and Benjamin C. Block, Covington & Burling LLP; Counsel for the National Football League and the NFL Clubs.

---

**I.  INTRODUCTION**

      This matter is before the Court on remand from the Eighth Circuit Court of Appeals.  <u>See</u> <u>White v. Nat'l Football League</u>, 756 F.3d 585 (8th Cir. 2014).  For the reasons set forth below, the Court denies Plaintiffs' request for leave to seek

discovery from Defendants in the limited context of Plaintiffs' motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Docket No. 741] The parties are ordered to commence briefing on the Rule 60(b) motion consistent with the deadlines described in this Order.

## II.  BACKGROUND

The National Football League's Players' Association ("NFLPA"), a labor union which represents players in the National Football League ("NFL" or "League"), is seeking an opportunity for discovery in connection with its Rule 60(b) motion to vacate a Stipulation of Dismissal ("SOD") filed in this action. The SOD, filed in August 2011, purports to dismiss and release all claims against the NFL in this proceeding. This includes collusion claims relating to an alleged salary cap in League Year 2010, among others.

The NFLPA asserts generally that it is entitled to relief from the SOD because the NFL engaged in fraud or misconduct to conceal or affirmatively misrepresent the NFL's violation of its agreement that the 2010 League Year would be an uncapped year, in an effort to improperly obtain the NFLPA's consent to dismiss this case. The Court's earlier determination that it lacked jurisdiction to vacate the SOD pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure was recently reversed by the Eighth Circuit. Accordingly, this matter is once again before the Court for review.

## III. DISCUSSION

The only matter before the Court at this time is the NFLPA's motion to modify the briefing schedule and engage in limited discovery in the context of its Rule 60(b) motion. [Docket No. 741] Because the NFLPA has not demonstrated a colorable or prima facie claim, the Court denies its request for discovery. The parties are ordered to submit formal briefing regarding the NFLPA's Rule 60(b) motion [Docket No. 701] pursuant to the deadlines set forth in this Order.

### A. The NFLPA's Rule 60(b) Motion

Rule 60(b) is "grounded in equity" and promotes the principle "that justice should be done." Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005). The Court "has wide discretion in ruling on a Rule 60(b) motion." Jones v. Swanson, 512 F.3d 1045, 1049 (8th Cir. 2008). However, "Rule 60(b) authorizes relief in only the most exceptional of cases, and the [NFLPA] bears a heavy burden in attempting to convince the district court that the [SOD] was fraudulently procured." White, 756 F.3d at 596 (internal citations and quotation marks omitted).

In 2012, the NFLPA timely moved for relief, citing Rules 60(b)(3), 60(b)(5) and/or 60(b)(6). [Docket No. 716] Those provisions state:

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The NFLPA asserts, generally, that to wrongly procure the SOD and hinder the NFLPA's attempts to seek relief, the NFL affirmatively concealed the facts underlying its collusion claims. A voluntary stipulation of dismissal pursuant to Rule 41 constitutes a "judgment" for the purposes of Rule 60(b). White, 756 F.3d at 594-96.

    **B.**    **Discovery Under Rule 60(b)**

        **1.**    **Standard For Rule 60(b) Discovery**

While Rule 60(b) does not provide for discovery pursuant to a motion made under the Rule, courts have the discretion to allow a party to pursue post-judgment discovery when the moving party can make a "prima facie

4

demonstration of success on the merits" or, alternatively, a "colorable claim." See, e.g., Pearson v. First NH Mortg. Corp., 200 F.3d 30, 35 (1st Cir. 1999); Midwest Franchise Corp. v. Metromedia Restaurant Group, Inc., 177 F.R.D. 438, 440 (N.D. Iowa 1997).

Here, the Eighth Circuit unambiguously stated that its holding "should not be read in any way as expressing a view on the merits" of the Rule 60(b) motion. White, 756 F.3d at 596. Thus, its remand offers no insight as to whether the NFLPA asserted a prima facie or colorable claim under Rule 60(b). Accordingly, the Court must review the NFLPA's submissions to determine if it has demonstrated a colorable or prima facie claim for relief.

### 2. The Basis for the NFLPA's Rule 60(b) Motion

The Court has carefully considered all of the NFLPA's arguments and proffered evidence and concludes that the NFLPA is not entitled to discovery. For example, the NFLPA pointed to evidence of statements by New York Giants owner John Mara and others regarding the alleged 2010 Salary Cap. It also offered evidence that the NFL and its owners concealed their collusion so as to prevent the NFLPA from bringing collusion claims. This evidence, however, speaks only to the merits of the NFLPA's underlying collusion claim, that is, whether or not the NFL had a secret salary cap in League Year 2010. It does not

support a colorable basis for relief under Rule 60(b)(3), i.e., that the NFL engaged in unfair litigation tactics or misconduct.  See Optimal Health Care Servs., Inc. v. Travelers Ins. Co., 801 F. Supp. 1558, 1561 (E.D. Tex. 1992).  Furthermore, the NFLPA's proffered evidence highlights the real concern that the NFLPA may use the opportunity for Rule 60(b) discovery as an improper "fishing expedition" to investigate the merits of its alleged collusion claim.

    At the December 19 hearing, the NFLPA alleged that the SOD was fraudulently procured by the NFL's insistence on a private stipulation for dismissal, without review by Judge Doty.  The NFLPA's assertions in support of this allegation only demonstrate that the NFL wanted to quickly end the White litigation in conjunction with the 2011 CBA and Brady litigation.  The NFLPA has not demonstrated a colorable claim that the NFL improperly forced it to settle, or misled it as to the legal effect of the settlement.

    Counsel also asserted that the NFLPA's attempts to obtain discovery in the proceedings before the Special Master were deliberately forestalled by the NFL.  While discovery misconduct may be a basis to grant relief under Rule 60(b)(3), the NFLPA has not demonstrated that the NFL's objections to discovery were meritless or otherwise improper.  Moreover, the NFLPA has not established that

the alleged failure to respond prevented the NFLPA from fully and fairly litigating its case. In sum, the NFLPA has failed to proffer evidence or allegations that would state a colorable or prima facie claim for relief under Rule 60(b).

### C. Briefing on the Rule 60(b) Motion

The Court's denial of discovery should not be read as an indication of the NFLPA's likelihood of success on the merits of its Rule 60(b) motion. The only matter presently before the Court is the NFLPA's request for discovery. While the NFL has raised several merit-based challenges, the parties have not had an opportunity for formal briefing. In light of the Eighth Circuit's direction that the NFLPA "should be given the opportunity to meet [Rule 60(b)'s 'heavy'] burden," White, 756 F.3d at 596, out of an abundance of caution, the Court exercises its discretion to allow the parties to fully brief the Rule 60(b) motion before the Court makes a ruling on the merits. Cf. In re Korean Air Lines Disaster of Sept. 1, 1983, 1994 WL 143009, at *2 (J.P.M.L. Apr. 12, 1994) (concluding that, given "the extraordinary twists and turns of this complex litigation," "the cause of justice is best advanced by affording [the district court] the fullest possible opportunity to decide the merits of the 60(b) motion after considering the arguments of all parties to the litigation").

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The NFLPA's Motion to Modify Briefing Schedule to accommodate reasonable discovery [Docket No. 741] is **DENIED**.

2. The Parties are ordered to submit briefing on the Plaintiffs' Rule 60(b) motion. [Docket No. 716] The NFLPA's memorandum of law, with any affidavits and exhibits, shall be filed by February 27, 2015. Defendants shall file a responsive memorandum of law, with any exhibits and affidavits, by March 20, 2015. A reply memorandum, if necessary, shall be filed by April 3, 2015. The parties must comply with the word limitations set forth in Local Rule 7.1(f). All relevant authority and argument must be presented in the briefs. The Court will not consider any prior submissions in ruling on the Rule 60(b) motion. The motion will be decided on the papers; the Court will not hear oral argument.

Dated: February 4, 2015         s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court